*Pike & Baldwin*, for appellant, moved reconsideration, which at July term, 1844, was withdrawn.

---

### DRENNEN vs. BOYER & CLARK.

Drennen sued Boyer & Clark on a bond given by them for the purchase of land. Boyer & Clark plead that Drennen was not the sole, but joint owner, with others, of the land—this is no bar to the action. It is sufficient if the plaintiff is able to make good title when the purchase money is paid or tendered. *Byers vs. Aiken, ante, affirmed.*
A parol promise to convey land is a sufficient consideration to sustain a bond given for the purchase money—the contract being to convey when the money is paid.

THIS was an action of debt determined in the Crawford circuit court, in December, 1843, before the Hon. R. C. S. BROWN, one of the circuit judges, John Drennen, as surviving partner of Thompson

Drennen *vs.* Boyer & Clark.

and Drennen, sued Boyer & Clark, on a money bond for $450, dated 20th November, 1841, due at nine months from date, with interest at 10 per cent. from due. After oyer craved and granted, the defendants filed four pleas. The first plea alleged that Drennen, on the day of the date of the bond, sold them a lot, in the town of Van Buren, for $450, secured by the bond, and that he then verbally promised them to execute and deliver a complete title in fee simple to the lot, when they should pay and discharge the bond, and that this verbal promise was the only consideration for the bond. The second plea stated the same facts, and alleged that Drennen had not made or tendered any title. The third stated the same facts, and that he had not made or tendered a good, valid, and absolute deed in fee simple. The fourth stated the same facts, and that the full, complete, and absolute right and title in fee simple to the lot was not in Drennen, but in him and the heirs of Thompson, jointly. Each plea was sworn to. Demurrers to all the pleas. Overruled as to the three last pleas and sustained as to the first. Judgment on demurrer for defendants and writ issued.

*Pike & Baldwin,* for plaintiff. The first question in this case is whether a parol promise to convey land is sufficient consideration to sustain a bond given for the purchase money—the contract being to convey when the bond should be paid.

The slightest consideration is sufficient for the greatest undertaking. *Saldman vs. Turner,* 1 *Stark.* 51. *Oakly vs. Boorman,* 21 *Wend.* 594. *Bowers vs. Hard,* 10 *Mass.* 427. 1 *Saund.* 211. *b. n.* 2.

When you impeach the consideration of an instrument, you do not address yourself to its inadequacy. The rule is, if there be fraud, mistake, or illegality in its concoction, or if the party seeking to enforce it, has violated some obligation on his part, the promise may be destroyed, or reduced according to the measure of the defect. *id.*

If the party obtains what he has contracted for, he cannot avoid his contract on the ground that what he has received is valueless, without showing fraud or misapprehension. *Fay's ad. vs. Richards, et al.* 21 *Wend.* 626. Where there has been a conveyance with covenants of seizin, the *onus* of showing total failure of consideration lies on the defendant· He must allege that he obtained *no interest or*

estate whatever, or his plea is no bar. *Tallmadge vs. Willis*, 25 *Wend.* 107. The plea must clearly show a *total* failure of consideration. *d. Benton vs. Stewart*, 3 *Wend.* 236. *Reab vs. McAllister*, 8 *id.* 109.

A purchaser of land in possession can have no relief even in chancery against his contract to pay on the mere ground of defect of title, without previous eviction or fraud. If he was prudent enough to take covenants, he must resort to them. If there be no fraud and no covenants taken to secure title, the purchaser has no remedy. *Bumpey vs. Blatner*, 19 *C. R.* 213. *Abbott vs. Allen*, 2 *id.* 523. *Mort vs. Raymond*, 2 *Caires* 188. 1 *Fondb.* 366 n. *Hien vs. Mill*, 13 *Ves.* 114. 6 *Wod.* 296. 1 *Dana.* 308. 3 *J. J. Marsh.* 584. *Derston vs. Morris*, 2 *Con.* 37. 9 *Paige* 444.

Covenants under seal avail by their solemnity even when voluntarily made, and without consideration to the party engaged. *Sumner vs. Williams*, 8 *Mass.* 200. A bond, from the solemnity of its execution, imports a consideration, the want of which the obligor is estopped by law to plead. *Page vs. Trufant*, 2 *Mass.* 159. *Thatcher vs. Dinsmore*, 5 *Mass.* 302.

There is no fraud, mistake, or misapprehension pretended. But this court is asked to cancel a contract, which for aught that appears, Drennen is ready to comply with. If Boyer & Clark thought proper to take from Drennen a parol agreement instead of a written one for the conveyance of the lot, they will not be permitted to avail themselves of their own act and deed to avoid their contract. *Byers, et al. vs. Aiken*, 5 *Ark.*

Drennen was not bound to *tender* the deed. The contract, as stated by the pleas, is express that when they shall have paid the money, he will make the deed—the payment was a condition precedent. The purchasers should have prepared and tendered the deed; and it was so held in *Byers, et al. vs. Aiken, ub. sup.*, and besides the authorities there relied on, are the following to the same point. *Connelby vs. Pierce*, 7 *Wend.* 129. *Wells vs. Smith*, 2 *Edw.* 78. Or at least must *demand* a deed to put the vendor in default.

It matters not that the land was owned jointly by Drennen and the heirs of Thompson—if he is able to make good title when the money is paid, it is enough. *Trush vs. Vinson*, 20 *Pick.* 111. *Heard vs.*

*Bowers,* 23 *Pick.* 460. The demurrers to all the pleas should have been sustained. *Byers, et al. vs. Aiken,* 5 *Ark.*

*Oldham & Roane,* contra. The agreement set up by defendants and the note sued upon must be regarded as one entire contract, and must be construed accordingly. *Hunt vs. Livermore,* 20 *Pick.* 111. *Heard vs. Bowers,* 23 *Pick. Rep.* 395. *Cunningham vs. Gwinn,* 4 *Blackf. Rep.* 342.

The contract, as disclosed by the pleadings, is clearly one of dependant covenants; neither party has a right of action against the other, without first putting him in default by a *tender* and *refusal.* Drennen never having tendered a deed to Boyer & Clark cannot, according to long established principles of law, recover in this action. *Bank of Columbia vs. Hagner,* 1 *Pick. Rep.* 455. *Green vs. Reynolds. Jones vs. Gardner,* 10 *J. R.* 276. *Gley vs. Price,* 16 *J. R.* 267.

Drennen has not a good and valid title to the land, one half being in the heirs of David Thompson, deceased, and therefore cannot make a good and valid title in fee simple to the same. *Bank of Columbia vs. Hagner,* 1 *Pick. R.* 455. *Jones vs. Gardner,* 10 *J. R.* 276. *Judson vs. Wass,* 11 *J. R.* 525.

*By the Court,* LACY, J. This case falls precisely within the rule laid down by the court at the last term, in *Byers vs. Aiken, Ark. Rep.,* and of course the demurrer should have been sustained to all the pleas. The allegation of one of the pleas that the plaintiff was not the sole, but joint owner of the land agreed to be conveyed, for which the defendants executed their obligation, constitutes no good bar to the action. It is sufficient if the plaintiff is able to make a good title when the purchase money is paid or tendered. The authorities cited in the brief on this point are conclusive. He might have authority to sell, or he might rely on his ability, in due season, to acquire the estate, and be ready to execute his part of the contract. Judgment reversed.